**Jose Manuel ROMERO–ANTON; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–73153.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2009.*

Filed April 20, 2009.

---

* The panel unanimously finds this case suitable

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, KLEINFELD and M. SMITH, Circuit Judges.

## MEMORANDUM **

Jose Manuel Romero–Anton petitions for review of the denial of his applications for withholding of removal and cancellation of removal, and of the denial of the derivative applications of his family members. We have jurisdiction over the denial of withholding of removal under 8 U.S.C.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1252, and we deny the petition in part. We lack jurisdiction over the denial of cancellation of removal, and we dismiss the petition in part.

■ First, the evidence is not such "that a reasonable factfinder would have to conclude" that Romero–Anton experienced past persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Although Romero–Anton testified that men came to his home looking for him as a result of his involvement in the arrest of a narcotics trafficker in Mexico, Romero–Anton was not at home at the time of this visit and never suffered any physical harm. Moreover, apart from this single visit to his home, the record shows that Romero–Anton was never contacted, threatened, or sought out by these men again.

■ Second, Romero–Anton has failed to "establish that it is more likely than not that he ... would be persecuted" in the future. 8 C.F.R. § 208.16(b)(2). Regardless of whether the Immigration Judge (IJ) erred in determining that Romero–Anton's former police service did not constitute membership in a social group for purposes of withholding of removal, substantial evidence supports the IJ's finding that Romero–Anton has failed to show a clear probability of future persecution given that (a) seventeen years have passed since Romero–Anton left Mexico after helping to arrest the narcotics trafficker, and (b) Romero–Anton's parents and siblings still live in Mexico and have not been harmed since Romero–Anton's departure. *See Mejia–Paiz v. INS,* 111 F.3d 720, 722 (9th Cir.1997).

Finally, aside from adding an exception for "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals," the amendment of 8 U.S.C. § 1252(a)(2)(B)(i) by the REAL ID Act of 2005, Pub.L. No. 109–13, div. B, § 106, 119 Stat. 231, 310–11, left intact the bar to judicial review of an IJ's discretionary determination that an alien has failed to satisfy the "exceptional and extremely unusual hardship" requirement for purposes of cancellation of removal. *Mendez–Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir.2009). Rather than raising a colorable constitutional claim or arguing that the IJ made a legal error, Romero–Anton asks this court to reweigh the evidence underlying the IJ's discretionary hardship determination, a request that we lack jurisdiction to consider.

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**